IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:14-CV-454-A |
| | § | (NO. 4:12-CR-239-A) |
| JOHNNY CARL TINER | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Johnny Carl Tiner ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion and accompanying memorandum of law in support, the record, the government's response[1], and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On December 14, 2012, movant pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On March 29, 2013, the court sentenced movant to a term of imprisonment of 120 months, to be followed by a three-year term of supervised release. Movant appealed, and the Fifth

---

[1] As of the date this memorandum opinion and order is signed, movant has failed to file a reply to the government's response. The deadline for such filing was July 31, 2014.

Circuit affirmed movant's sentence. United States v. Tiner, 557 F. App'x 382 (5th Cir. 2014). Movant did not seek certiorari review. He timely filed his § 2255 motion on June 16, 2014.

## II.

### Grounds of the Motion

Movant claims that his counsel was ineffective for failing to object to the enhancement under United States Sentencing Guidelines ("USSG") § 2K2.1(b)(1)(A) based on the number of firearms involved in the offense; failing to object to paragraph 14 of the presentence report ("PSR") regarding movant's statements to law enforcement; failing to object to paragraph 24 of the PSR regarding the possession of stolen firearms and the resulting enhancement under USSG § 2K2.1(b)(4)(A); and failing to object to paragraph 46 of the PSR regarding movant's gang affiliation. Movant also claims that 18 U.S.C. § 922(g)(1) is unconstitutional both on its face and as applied to him.

## III.

### Analysis

A.  Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32

(5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective

assistance. <u>Id.</u> at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000).

"The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so <u>undermined</u> the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (emphasis in orignal) (quoting <u>Strickland</u>, 466 U.S. at 686)). In the context of a guilty plea, prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

1. <u>First Claim</u>

Movant claims that his counsel was ineffective for failing to object to the enhancement under USSG § 2K2.1(b)(1)(A) based on the number of firearms involved in the offense. Movant argues

4

that he was charged with only one firearm and that he admitted to only one firearm in the factual resume, but that the PSR included two additional firearms, which formed the basis of a two-level enhancement under USSG § 2K2.1(b)(1)(A). Movant also asserts that his attorney should have objected to the number of firearms in the PSR under the Supreme Court decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S. Ct. 2151 (2013).

However, in calculating movant's base offense level, the court must consider "all 'relevant conduct' as defined in U.S.S.G. § 1B1.3." <u>United States v. Vital</u>, 68 F.3d 114, 117 (5th Cir. 1995). For the purposes of U.S.S.G. § 2K2.1(b)(1)(a), "it is of no legal consequence" that movant did not plead guilty to the possession of the additional firearms supporting the enhancement. See <u>United States v. Hodges</u>, No. 98-30614, 1999 WL 642814, at *2 (5th Cir. 1999). Because it is well established that the failure to make a frivolous or meritless objection cannot constitute ineffective assistance of counsel, movant's counsel was not ineffective for failing to make the objection urged by movant. See <u>Turner v. Quarterman</u>, 481 F.3d 292, 298 (5th Cir. 2007) (citing <u>Green v. Johnson</u>, 160 F.3d 1029, 1037 (5th Cir. 1998)).

5

Further, movant's counsel was not ineffective for failing to make an objection to the § 2K2.1(b)(1)(A) enhancement based on the Supreme Court decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S. Ct. 2151 (2013). In <u>Apprendi</u>, the Supreme Court held that any fact, other than the fact of a prior conviction, that increases the penalty of a crime <u>above the statutory maximum</u> must be found by a jury. <u>Apprendi</u>, 530 U.S. at 490. The Supreme Court in <u>Alleyne</u> held that any fact that increases a <u>mandatory minimum sentence</u> for a crime is an "element" of the crime, not a "sentencing factor," that must be found by a jury. <u>Alleyne</u>, ___ U.S. ___, 133 S. Ct. at 2155, 2158. Here, the two-level enhancement for the additional firearms did not increase a statutory maximum or mandatory minimum sentence in movant's case. Therefore, <u>Apprendi</u> and <u>Alleyne</u> had no bearing on the § 2K2.1(b)(1)(A) enhancement, and his counsel was not ineffective for failing to make such a meritless objection.

Finally, movant has failed to show that he was prejudiced by his counsel's failure. The court ultimately imposed a non-guideline sentence at the statutory maximum. Movant has not shown how the outcome of his sentencing proceeding would have been any different if his counsel had made the suggested objections to the calculation of his base offense level, and

movant's unsupported belief that without the two-level enhancement, the court would have imposed a sentence within the sentencing guideline range is conclusory and insufficient to show prejudice. See Day v. Quarterman, 566 F.3d 527, 541 (5th Cir. 2009) (citing Miller v. Johnson, 200 F.3d 274, 282 (5th Cir.2000)). Therefore, movant's first claim provides him no relief.

2. Second Claim

Movant next claims that his counsel was ineffective for failing to object to paragraph 14 of the PSR regarding movant's statements to law enforcement. Movant asserts that he never made those statements and that he had no intention of harming anyone. However, even if such assertions are taken as true, movant has failed to show any prejudice from his counsel's failure. Movant offers no explanation regarding how the outcome of his sentencing proceeding would have been any different if his attorney had objected to such statements in the PSR. Therefore, he has failed to satisfy the Strickland standard for ineffective assistance of counsel.

3. Third Claim

Movant also asserts that his counsel was ineffective for failing to object to paragraph 24 of the PSR regarding the possession of stolen firearms and the resulting enhancement under

7

USSG § 2K2.1(b)(4)(A). Movant argues that the government failed to prove by a preponderance of the evidence that the firearms were stolen. However, the PSR included extensive information supporting the conclusion that movant was in possession of two firearms that were stolen from a residence in New Castle. "Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it." United States v. Ollison, 555 F.3d 152, 164 (5th Cir. 2009) (quoting United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995)) (internal quotation marks omitted). Movant points to no rebuttal evidence that his attorney could have used to support an objection to the enhancement for stolen firearms, and movant's counsel cannot be ineffective for failing to make a meritless objection. See Turner, 481 F.3d at 298.

Further, movant again fails to show that he suffered any prejudice from his counsel's failure. Although movant asserts that his guideline sentencing range would have been lower without the enhancement for stolen firearms, the court did not impose a sentence within the guideline range, but rather sentenced movant at the statutory maximum. Movant makes no showing that he would

8

have received a different sentence if his counsel had objected to the enhancement. Therefore, this claim affords movant no relief.

4. Fourth Claim

Movant contends that his counsel was ineffective by failing to object to paragraph 46 of the PSR regarding movant's gang affiliation and that "the allegation of being a gang member negatively influenced the Judges Sentencing Discretion which led to a 120 month Statutory Maximum term of imprisonment." Memo. of Law at 7. However, movant's claim is completely without merit. Movant does not assert that he has no gang affiliation. Rather, at movant's sentencing, movant apparently took issue only with the name of the gang that appeared in the PSR. Movant's attorney informed the court that movant wanted the PSR to be changed to reflect that he was a member of the Texas Family gang rather than the Texas Syndicate gang.

Further, movant's assertion that he was prejudiced is conclusory and is insufficient to show prejudice. The record reflects that the court considered many factors in concluding that a sentence at the statutory maximum should be imposed, including movant's extensive criminal history beginning from age 18. Therefore, movant has failed to show that the outcome of his sentencing would have been any different even if his attorney had

objected to the information about movant's gang affiliation in the PSR. Accordingly, movant's claim fails.

C. <u>Constitutionality of 18 U.S.C. § 922(g)(1)</u>

In his last ground for relief, movant contends that 18 U.S.C. § 922(g)(1) is unconstitutional because it violates the Commerce Clause and there is no proof that a felon possessing a firearm "affects economics." Memo. of Law at 7. Further, movant asserts that the government lacked jurisdiction over his criminal case because it did not charge how the firearm affected commerce. However, movant failed to raise this issue on direct appeal and has provided no explanation for such failure. "[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors." <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Movant has shown neither. Therefore, his last ground for relief must fail.[2]

---

[2] The court notes also that the Fifth Circuit has repeatedly held that 18 U.S.C. § 922(g)(1) is "a valid exercise of Congress's authority under the Commerce Clause" and that "this issue is foreclosed." <u>United States v. Alcantar</u>, 733 F.3d 143, 145 (5th Cir. 2013) cert. denied, 134 S. Ct. 1570 (2014); <u>see also</u> <u>United States v. Schmidt</u>, 487 F.3d 253, 255 (5th Cir. 2007); <u>United States v. Darrington</u>, 351 F.3d 632, 634 (5th Cir. 2003); <u>United States v. Rawls</u>, 85 F.3d 240, 242 (5th Cir. 1996).

IV.

Order

Therefore,

The court ORDERS that the motion of Johnny Carl Tiner to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 15, 2014.

_____
JOHN McBRYDE
United States District Judge